IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02134-BNB

LAVERN B. BARRON, a.k.a. LAVONE B. BARRON,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 0 8 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER TO FILE PRE-ANSWER RESPONSE

---

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this case, the Court has determined that a limited Pre-Answer Response is appropriate. Respondent is directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and to *Denson v. Abbott*, 554 F.Supp. 2d 1206 (D. Colo. 2008), to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondent does not intend to raise either of these affirmative defenses, he must notify the Court of that decision in the Pre-Answer Response. Respondent may not file a dispositive motion as his Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondent should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court.

The Court also notes that Mr. Barron names The People of the State of Colorado as a Respondent. Because the law is well-established that the only proper respondent to a habeas corpus action is the habeas applicant's custodian, *see* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995), the caption of this Order does not list The People of the State of Colorado and only lists The Attorney General of the State of Colorado as a Respondent in the capacity of representing counsel for the State of Colorado and Mr. Barron's custodian. Accordingly, it is

ORDERED that for the purpose of service the only properly named Respondent is The Attorney General of the State of Colorado. It is

FURTHER ORDERED that **within twenty-one days from the date of this Order** Respondent shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty-one days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondent does not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, he must notify the Court of that decision in the Pre-Answer Response.

DATED September 8 2010, at Denver, Colorado.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02134-BNB

Lavern B. Barron
a/k/a Lavone B. Barron
Prisoner No. 64792
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Paul Sanzo, Asst. Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to John Suthers: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 9/1/10 on 9/8/10.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk